IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HEATHER M. VAN ALEN,                                    Civ. No. 6:21-cv-01253-AA

                Plaintiff,                          **OPINION & ORDER**

     v.

DEPARTMENT OF HUMAN
SERVCES,

               Defendant.

_____

AIKEN, District Judge.

     *Pro Se* Plaintiff Heather Van Alen seeks leave to proceed *in forma pauperis* ("IFP") in this action.  ECF No. 2.  Plaintiff also moves for appointment of counsel.  ECF No. 3.  For the reasons set forth below, Plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend.  The Court will defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

## LEGAL STANDARD

     Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee.  28 U.S.C. § 1914(a).  However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access.  To authorize a litigant to proceed IFP, a court must make two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff alleges that Defendant Department of Human Services ("DHS") notified her on July 13, 2021 of a hearing scheduled for the morning of July 14, 2021. Plaintiff alleges that she was not able to secure counsel to represent her at that hearing and Plaintiff's son was removed from her home and placed in foster care. Plaintiff also alleges that DHS has engaged in racial discrimination against Plaintiff's son, but this allegation is not accompanied by any details.

Plaintiff brings her claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff cannot maintain a claim against DHS under § 1983 for at least two distinct reasons. First, a claim under § 1983 must be alleged against a "person." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "Persons" under § 1983 "are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself." *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. April 25, 2019). DHS is an Oregon state agency and not a "person" for purposes of § 1983. *Sawyer v. Legacy Emanuel Hosp. & Health Center*, Case No. 3:18-cv-02128-SB, 2019 WL 1982530, at *6 (D. Or. May 3, 2019).

Second, DHS is entitled to sovereign immunity as an arm of the State of Oregon. The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived its immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). It is similarly well settled that a state agency is entitled to sovereign immunity from suit. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993). Congress has not abrogated state sovereign immunity in 42 U.S.C. § 1983. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). The Court therefore concludes that Plaintiff has failed to state a claim against DHS because the agency is both immune from suit under § 1983 and not a proper defendant for claims brought under that statute.

In light of the deficiencies described above, the Court concludes that Plaintiff has failed to state a claim and the Complaint must be dismissed. The Court is

mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and Plaintiff will be given leave to file an amended complaint. In drafting the amended complaint, Plaintiff must bear in mind that the Court does not know anything about the facts of her case, other than what she chooses to include in the amended complaint. Plaintiff should carefully explain what has happened, who has done what, how she believes she was injured by the actions of the defendants, and why she believes that the defendants should be held liable for the injury, with the understanding that DHS is not a proper defendant for a claim under § 1983. Plaintiff should also bear in mind that matters of child custody are a traditional and important area of state concern and that the ability of federal courts to interfere in such matters is limited. It is possible that the relief Plaintiff seems to be seeking is much more readily available in the Oregon state courts.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to appoint pro bono counsel as Plaintiff has failed to state a claim.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended

complaint.  Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.  Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED.  The Court will defer ruling on Plaintiffs' IFP petition, ECF No. 2, pending submission of an amended complaint.

It is so ORDERED and DATED this ____26th____ day of August 2021.

/s/Ann Aiken
ANN AIKEN
United States District Judge